FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT -5  AM 9: 10

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRINA SAWYER

VERSUS

JRL ENTERPRISES, INC.

CIVIL ACTION

NO. 05-1685

SECTION "R"

## ORDER AND REASONS

Defendant JRL Enterprises, Inc. moves to dismiss several of Trina Sawyer's claims for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). For the following reasons, defendant's motion is GRANTED in part and DENIED in part.

## I.  BACKGROUND

Trina Sawyer worked for JRL Enterprises, Inc. as a human resource assistant from October 2001 until December 2004.  She alleges that on December 8, 2004, she complained that Doug White, JRL's vice president of finance and administration, made offensive and inappropriate comments to her, spread rumors that created a hostile work environment for her and other female employees, and sexually harassed her.  The next day, Lawrence R.

Robinson, JRL's vice president of human resources, gave Sawyer her annual employment evaluation.  Plaintiff alleges that although she had received favorable performance evaluations before she complained about White's behavior, after she complained, Robinson gave her an evaluation that was unfairly harsh.  Sawyer alleges that Robinson unfairly criticized her organizational skills, work ethic and reliability.  She asserts that he reduced her overall evaluation from "above average" to "average" and placed her on an "improvement action plan."  Plaintiff further alleges that during the evaluation, Robinson spoke to her about her sexual harassment complaint in a threatening manner and told her, in substance, that he felt her complaint was orchestrated.

On December 28, 2004, plaintiff met with Robinson and James Womack, JRL's general counsel.  At that meeting, plaintiff was told that her employment was being terminated because she was "no longer happy."  Plaintiff alleges that she was terminated for no legitimate reason and that JRL's stated reason for terminating her was a pretext for prohibited retaliation and/or gender discrimination.

Plaintiff filed this action on May 5, 2005, alleging that JRL violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Louisiana Employment Discrimination

2

Law.  *See* La. Rev. Stat. Ann. §§ 23:301, *et seq.*  Plaintiff also asserts state law claims for retaliation under the Louisiana Human Rights Act, *see id.* §§ 51:2231, *et seq.*, reprisal under Louisiana's "whistleblower" statute, *see id.* § 23:967, negligent and intentional infliction of emotional distress and unpaid wages.

On May 24, 2005, JRL moved to dismiss plaintiff's Title VII claim for failure to exhaust her administrative remedies. Specifically, JRL asserted that plaintiff failed to allege that she had filed a charge of discrimination with the Equal Employment Opportunity Commission and that she had received a right-to-sue notice.  JRL also moved to dismiss plaintiff's retaliation claim, her requests for injunctive relief under state statutory law, as well as her claim for negligent infliction of emotional distress.

Plaintiff filed her responsive brief on July 12, 2005 and attached a copy of her May 12, 2005 EEOC charge as Exhibit A to that brief.  On August 24, 2005, while defendant's motion to dismiss was pending, plaintiff sought leave to supplement the record to include a copy of her right-to-sue letter from the EEOC, which was issued on August 23, 2005.

3

## II.  DISCUSSION

### A.   Legal Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor.  *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).  The claim should be dismissed only if it appears that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.  *Id.; Pitotrowsji v City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995).

### B.   Plaintiff's Title VII Claim

It is well-settled that before a plaintiff can bring an action in federal court under Title VII, she must first exhaust available administrative remedies.  *See* 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Reed v. Northrop Grumman Ship Sys. Inc.*, No. Civ.A. 04-1214, 2004 WL 2115596, at *1 (E.D. La. July 15, 2002). Title VII's exhaustion requirement is satisfied only if a

4

plaintiff files a timely charge with the EEOC and receives a statutory right-to-sue notice. *Taylor,* 296 F.3d at 378-79 (citing *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir. 1996)).  Failure to comply with this requirement will result in dismissal of plaintiff's claim. *See Reed,* 2004 WL 2115596, at *2.

Although receipt of a right-to-sue letter is a precondition to bringing suit, it is not a jurisdictional requirement in the strict sense. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393-94 (1982) (filing timely EEOC charge is "not a jurisdictional prerequisite"); *Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1215 (Former 5th Cir. 1982) ("We hold that receipt of a right-to-sue letter is a condition precedent to a Title VII claim rather than a jurisdictional prerequisite . . . ."); *see also Julian v. City of Houston,* 314 F.3d 721, 725 n.3 (5th Cir. 2002) (same).  Moreover, the Fifth Circuit has held that a plaintiff's failure to comply with Title VII's exhaustion requirement can be cured by obtaining a right-to-sue letter at any time before the suit is dismissed. *Pinkard,* 678 F.2d at 1219 ("[T]he receipt of a right-to-sue letter . . . while the action remains pending[] satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII."); *Peterson v. Slidell Mem. Hosp. & Med.*

5

*Ctr.*, Civ. A. No. 96-2487, 1996 WL 732840, at *2 (E.D. La. Dec. 16, 1996) (receipt of right-to-sue letter while motion to dismiss was pending cured defect in plaintiff's complaint).

Here, it is undisputed that, as of the date of the complaint, plaintiff had neither filed an EEOC charge, nor received a right-to-sue letter. As of that date, therefore, plaintiff had not complied with Title VII's exhaustion requirement, and her Title VII claim was subject to dismissal without prejudice on that ground. *See Pinkard*, 678 F.2d at 1218. By filing her EEOC charge and her right-to-sue letter with the Court, however, plaintiff has cured that defect. Accordingly, defendant's motion to dismiss plaintiff's Title VII claim is denied.

### C.   **Plaintiff's State-Law Retaliation Claim**

Defendant moves to dismiss plaintiff's claim for unlawful retaliation under the Louisiana Human Rights Act, La. Rev. Stat. Ann. § 51:2256.  Defendant argues that the Louisiana Human Rights Act does not provide a cause of action for retaliation in the context of employment discrimination.  Defendant's argument is correct.

Section 51:2256 makes it unlawful for any person to, *inter alia*, "retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful *by this*

6

Chapter . . . ."  *Id.* (emphasis added).  The phrase "this
Chapter" refers to the Louisiana Human Rights Act.  *See id.* §§
51:2231, *et seq.*  The Louisiana legislature initially included
prohibitions on employment discrimination in the Louisiana Human
Rights Act.  *See Smith v. Parish of Washington*, 318 F. Supp. 2d
366, 371 (E.D. La. 2004).  But the Louisiana legislature repealed
those provisions and reenacted them as part of the Louisiana
Employment Discrimination Law in 1997.  *See* La. Rev. Stat. Ann.
§§ 23:301, *et seq; Smith*, 318 F. Supp. 2d at 371.  The practices
that the Louisiana Human Rights Act now prohibits are
discriminatory practices (i) in public accommodations and
advertising public accommodations, La. Rev. Stat. Ann. §§
51:2247-48; (ii) against breastfeeding mothers, *id.* § 51:2247.1;
(iii) in providing financial services, *id.* § 51:2254; and (iv) in
credit transactions.  *Id.* § 51:2255; *see also Cristia v. Sys.
Eng'g & Sec., Inc.*, No. Civ.A. 03-2138, 2004 WL 1801326, at *14
(E.D. La. Aug. 12, 2004).

        Courts in this district have repeatedly held that the bar
against retaliation in section 51:2256 of the Louisiana Human
Rights Act does not provide a cause of action for retaliation in
employment discrimination cases because the Louisiana Human
Rights Act no longer applies to employment discrimination.  *See,
e.g., Cristia*, 2004 WL 1801326, at *14-15; *Smith*, 318 F. Supp. 2d

7

at 371-73.  The Louisiana Court of Appeals for the Third Circuit
recently reached the same conclusion.  *See Lowry v. Dresser,
Inc.*, 893 So.2d 966, 968-69 (La. Ct. App. 2005).

Plaintiff argues that section 51:2256 confers a cause of
action for retaliation in the employment discrimination context
because another provision of the Louisiana Human Rights Act,
section 51:2232, defines the term "unlawful practice" to include
a "discriminatory practice in connection with employment."  La.
Rev. Stat. Ann. § 51:2232(13).  "Discriminatory practice in
connection with employment" is defined to include any employment
practice prohibited by section 23:332 of the Louisiana Employment
Discrimination Law, which, in turn, prohibits employment
discrimination on the basis of sex.  *See id.* § 51:2232(12); *id.* §
23:332.

The primary flaw in plaintiff's argument is that, although
the definition of "unlawful practice" in section 51:2232
incorporates acts of employment discrimination on the basis of
sex, section 51:2256 does not prohibit retaliation for a person's
opposition to an "unlawful practice" so defined; rather, it
prohibits retaliation for opposition to "a practice declared
unlawful by this Chapter."  La. Rev. Stat. Ann. § 51:2256.[1]

---

[1] By contrast, the legislature employed the defined term
"unlawful practice" in several other sections of the Louisiana

Employment discrimination is declared unlawful by the Louisiana Employment Discrimination Law, not the chapter containing the Louisiana Human Rights Act.  Thus, employment discrimination is not "a practice declared unlawful by" the Louisiana Human Rights Act.  *Smith*, 318 F. Supp. 2d at 373 ("[T]he inclusion of definitions pertaining to employment discrimination in a statute in which substantive employment discrimination provisions were repealed does not create causes of action: it simply creates confusion."); *Lowry*, 893 So.2d at 968 (same) (quoting *Smith*).

Moreover, this gap in the law has been apparent since the legislature passed the Louisiana Employment Discrimination Law in 1997, as several cases have noted.  *See Smith*, 318 F. Supp. 2d at 373; *Cristia*, 2004 WL 1801326, at *15.  Nevertheless, the Louisiana legislature has taken no action in response to the case law that finds no cause of action for retaliation under section 51:2256 in the employment discrimination setting.  It is true that legislative inaction does not amount to an active endorsement of this line of cases.  Yet, if the legislature found that the courts were wrong about its intent, it could have easily

---

Human Rights Act.  *See* La. Rev. Stat. Ann. § 51:2257 (permitting individual aggrieved by an "unlawful practice" to file complaint with Louisiana Commission on Human Rights); *id.* § 51:2261 (providing procedure for commission to report findings on whether a party has committed an "unlawful practice").

corrected the situation by clarifying the Louisiana Human Rights Act.

The Court's conclusion is buttressed by the fact that, in the Louisiana Employment Discrimination Law, the legislature chose to proscribe certain types of retaliation, such as retaliation in the age discrimination context, but it did not proscribe retaliation when the conduct was sex discrimination. *Compare* La. Rev. Stat. Ann. § 23:312(D) *with id.* § 23:332. This action suggests a conscious legislative choice not to confer a cause of action for retaliation when the claim involves sex discrimination in employment.

Plaintiff also makes the alternative argument that the recent decision by the United States Supreme Court in *Jackson v. Birmingham Bd. of Educ.*, 125 S.Ct. 1497 (2005), means that section 23:332 of the Louisiana Employment Discrimination Law prohibits retaliation in employment discrimination cases because retaliation is itself a form of prohibited sex discrimination. In *Jackson*, the Supreme Court held that the implied right of action for violations of Title IX of the Education Amendments of 1972[2] included a right of action for retaliation. The *Jackson*

---

[2]Title IX provides that "[n]o person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial

Court concluded, as a matter of statutory interpretation, that

retaliation against a person for complaining about sex

discrimination falls within Title IX's prohibition of

discrimination on the basis of sex. *Jackson*, 125 S.Ct. at 1504.

The Court explained:

> Retaliation is, by definition, an intentional
> act. It is a form of "discrimination"
> because the complainant is being subjected to
> differential treatment. . . . Moreover,
> retaliation is discrimination "on the basis
> of sex" because it is an intentional response
> to the nature of the complaint: an allegation
> of sex discrimination.

*Id.* (internal citations omitted). The Court also emphasized

that, without a right of action for retaliatory practices, the

objectives of Title IX could be undermined, and "all manner of

Title IX violations might go unremedied." *Id.* at 1508.

Neither the holding nor the reasoning of *Jackson* justifies a

finding that section 23:332 of the Louisiana Employment

Discrimination Law prohibits retaliation. First, in determining

that the term "discrimination" as used in Title IX encompassed

retaliation, the *Jackson* Court focused on the structure of Title

IX itself. It rejected the proposition that Congress did not

intend such a retaliation cause of action because it could have

expressly provided for one, as it did in Title VII of the Civil

---

assistance." 20 U.S.C. § 1681(a).

Rights Act of 1964.  Unlike Title VII, the Court noted, the cause
of action for discrimination under Title IX was implied, not
express.  Further, the Court emphasized that Title IX is a
"broadly written general prohibition on discrimination, followed
by specific, narrow exceptions to that broad prohibition."
*Jackson*, 125 S.Ct. at 1505.   The Court characterized Title VII
as "a vastly different statute," one that "spells out in greater
detail the conduct that constitutes a violation of that statute."
*Id.*  Because, unlike Title VII, Title IX lacks specific
descriptions of the conduct that violates the statute, the Court
found that Congress' failure to prohibit retaliation expressly
under Title IX did not shed light on whether Congress intended to
prohibit retaliation.  *Id.*

The Louisiana Employment Discrimination Law is far more
similar to Title VII than it is to Title IX.  Like Title VII, the
Louisiana Employment Discrimination Law contains an express right
of action and specifically delineates the types of conduct that
it prohibits.[3]  In fact, section 23:332 of the Louisiana

_____

[3]*See, e.g.*, La. Rev. Stat. Ann. § 23:332(A)(1) (making it
unlawful to "[i]ntentionally fail or refuse to hire or to
discharge any individual, or otherwise to intentionally
discriminate against any individual with respect to his
compensation, or his terms conditions, or privileges of
employment" on the basis of the individual's sex); *id.* §
23:332(A)(2) (making it unlawful to "[i]ntentionally limit,
segregate, or classify . . . employees or applicants for

12

Employment Discrimination Law tracks the language of Title VII almost word-for-word.[4]  Thus, the *Jackson* Court's rationale for broadly interpreting the statutory language of Title IX is inapplicable here.

Moreover, as the Court noted earlier, the Louisiana legislature expressly prohibited retaliation in other sections of the Louisiana Employment Discrimination Law.  *See* La. Rev. Stat. Ann. § 23:312(D) (prohibiting retaliation against employees for opposing acts of age discrimination); *id.* § 23:352(D) ((prohibiting retaliation against employees for opposing acts of sickle cell trait discrimination).  That the legislature included specific retaliation provisions in other sections of the

---

employment in any way which would deprive or tend to deprive any individual of employment opportunities" on the basis of the individual's sex); *id.* § 23:332(D) (making it unlawful for an employer to discriminate on the basis of sex with respect to "admission to, or employment in, any program designed to provide apprenticeship or other training").

[4]*Compare, e.g.,* 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, condition, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .") *with* La. Rev. Stat. Ann. 23:332(A) ("It shall be unlawful discrimination in employment for an employer to . . . [i]ntentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to his compensation, or his terms conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin.").

13

Louisiana Employment Discrimination Law suggests that it did not
intend to prohibit retaliation when it enacted the general
prohibition on sex discrimination in section 23:332 without a
prohibition on retaliation. *See Smith*, 318 F. Supp. 2d at 373
("[T]hat some sections [of the Louisiana Employment
Discrimination Law] do contain [retaliation] provisions indicates
that the legislature intended not to include similar provisions
in the other sections.").

Finally, plaintiff's argument that sex discrimination in
employment might go unremedied if there is no state law right of
action for retaliation is without merit. Title VII, the
Louisiana Employment Discrimination Law's federal counterpart,
expressly prohibits retaliation and may, in many cases, provide
aggrieved plaintiffs with a remedy for such conduct. *See* 42
U.S.C. § 2000e-3. In any event, when, as here, the statutory
framework does not prohibit retaliation, this Court is not at
liberty to create a cause of action simply because it believes,
as it does, that it is better policy for there to be a right of
action for retaliation under state law. Accordingly, the Court
finds that plaintiff cannot state a claim for retaliation in the
context presented here under either section 51:2256 or section
23:332.

14

### D.   Additional State Law Claims

Defendant also moves to dismiss plaintiff's requests for injunctive relief under the Louisiana Employment Discrimination Law and Louisiana's whistleblower statute, *see* La. Rev. Stat. Ann. § 23:967, and her claim for negligent infliction of emotional distress.   Plaintiff has stated that she does not oppose dismissal of those claims, and they are therefore also dismissed.

### III. CONCLUSION

For the reasons stated above, the Court DENIES defendant's motion to dismiss plaintiff's Title VII claim.   The Court GRANTS defendant's motion to dismiss plaintiff's state law retaliation claim, her requests for injunctive relief under the Louisiana Employment Discrimination Law and Louisiana Revised Statutes section 23:967, together with her claim for negligent infliction of emotional distress.

Baton Rouge, Louisiana, this 3rd day of October, 2005.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

15